1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Gloria CLAROS, Defendant/Appellant.
 No. 92-3037.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.
Decided Aug. 3, 1993.
 
 Before CUMMINGS, COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gloria Claros pleaded guilty to two counts of possession with intent to distribute cocaine, and a judge sentenced her to serve 85 months in prison. On appeal Claros's court-appointed lawyer has filed a motion to withdraw based on her belief that an appeal would be frivolous. Cir.R.App.P. 51(a); See Anders v. California, 386 U.S. 738 (1967). Claros responded to this motion as provided by Circuit Rule 51(a).
 
 
 2
 Claros's lawyer has set forth the mechanics of Claros's guilty plea and sentencing, and has concluded that there is no basis for an appeal. Claros claims that the judge made an error in Claros's sentence. She claims that the judge should have departed downward because, by pleading guilty, she saved the government time and money. There are two answers to this claim. One is that the judge followed the Guidelines to the letter and sentenced Claros right in the middle of the appropriate range. In reaching this range the judge included a two-level reduction under U.S.S.G. Sec. 3E1.1 for acceptance of responsibility--so the judge did credit Claros's guilty plea in her sentencing determination. The other problem with this claim is that a court's decision not to depart downward from the applicable range is not reviewable unless the judge's decision was based on a mistake of law. United States v. Poff, 926 F.2d 588, 590-91 (7th Cir.1991) (en banc). The judge made no legal errors in reaching Claros's sentence. Claros argues that "[t]he court did not state why the appellant was recieving eighty-five (85) months instead of 78 months the lower end of the guidelines," as she claims is required by 18 U.S.C. Sec. 3553(c). The judge did explain, however. After noting the large amount of extremely pure cocaine involved in this case, the judge said that she would be inclined to sentence at the high end of the range, but that because of Ms. Claros's personal situation--she has two children--the judge would come back down and sentence Claros in the middle of the range. This explanation was apt.
 
 
 3
 We have perused the record and find no other arguments of merit. We GRANT the motion to withdraw and DISMISS the appeal as frivolous.